UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARDIAC SCIENCE CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 13-cv-1079<br><br>**COMPLAINT**<br>(Jury trial demanded) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Lashell Love, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Cardiac Science Corporation has a policy of refusing or discontinuing severance payments to employees and former employees who file EEOC charges.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended (42 U.S.C. § 2000e-5(f)(1) and (3)), Section 102 of Title I of the Civil Rights Act of 1991 (42 U.S.C. § 1981a), and Section 107(a) of the Americans with Disabilities Act ("ADA"), as amended (42 U.S.C. § 12117(a)), which incorporates by reference Section 706(f)(1) and (3) of Title VII.

2. The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII and the ADA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII.

4. At all relevant times, defendant Cardiac Science Corporation ("Cardiac Science") has continuously been a corporation doing business in Wisconsin, in addition to doing business in other states and countries, and has continuously had at least 15 employees.

5. At all relevant times, Cardiac Science has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII (42 U.S.C. §§ 2000e(b), (g), and (h)) and Section 101(5) of the ADA (42 U.S.C. § 12111(5)) and Section 101(7) of the ADA (42 U.S.C. § 12111(7)), which incorporates by reference Sections 701(g) and (h) of Title VII.

6. At all relevant times, Cardiac Science has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Lashell Love filed a charge with the EEOC alleging violations of Title VII and Title I of the ADA by Cardiac Science. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least October 2012, Cardiac Science has engaged in unlawful

2

employment practices in violation of Section 704 (a) of Title VII (42 U.S.C. § 2000e-(3)(a)) and Section 503(a) of the ADA (42 U.S.C. § 12203(a)). These practices include refusing to provide severance payments and benefits or discontinuing severance payments and benefits to Cardiac Science employees or former employees who file EEOC charges, resulting in the deprivation of such severance payments and benefits or the chilling of the employees' rights to file a charge.

9. On or about October 19, 2010, Cardiac Science offered severance agreements to 57 employees it had decided to lay off, including Ms. Love. The severance agreements were identical except for each employee's name and the monetary amount offered to him or her. When Cardiac Science learned that Ms. Love had previously filed an EEOC charge against Cardiac Science, it refused to provide her with the severance payments and benefits it had promised her. In addition, the language in the severance agreements was intended to unlawfully deter the other 56 employees from filing their own EEOC charges.

10. The effect of the practices complained of in Paragraphs 8 and 9 above has been to deprive Ms. Love, and other employees who were unlawfully deterred from filing EEOC charges, of equal employment opportunities, and otherwise adversely affect their status as employees because they exercised, or were deterred from exercising, their rights under Title VII and the ADA.

11. The unlawful employment practices complained of in Paragraphs 8 and 9 above were intentional.

12. The unlawful employment practices complained of in Paragraphs 8 and 9 above were done with malice and with reckless indifference to the federally-protected rights of Ms. Love and of other laid-off employees who were unlawfully deterred from filing EEOC charges.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Cardiac Science and its subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on retaliation and any other employment practice which discriminates on the basis of having filed a charge with the EEOC or otherwise invoking the protections of Title VII or the ADA or assisting others in doing so.

B. Order Cardiac Science and its subsidiaries to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals who have filed a charge with the EEOC or who otherwise avail themselves of the protections of Title VII or the ADA or assist others in doing so, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Cardiac Science to make whole Ms. Love for the unlawful practices described in Paragraphs 8 and 9 above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including (but not limited to) the payment of severance payments with pre-judgment interest and compensation for past and future pecuniary and non-pecuniary losses including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Cardiac Science to pay punitive damages to Ms. Love for its malicious and reckless conduct, as described in Paragraphs 8 and 9 above, in amounts to be determined at trial.

E. Order Cardiac Science to provide Ms. Love the non-monetary relief that she was entitled to receive under her severance agreement.

F. Order Cardiac Science to provide written notification to all employees who signed

the severance agreement described in Paragraph 9 above that their time for filing a charge will be tolled for an appropriate period of time following entry of judgment for the EEOC.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    P. David Lopez
    General Counsel

    James L. Lee
    Deputy General Counsel

    Gwendolyn Young Reams
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
    131 M Street, N.E.
    Washington, DC 20507

    John C. Hendrickson
    Regional Attorney

    Jean P. Kamp
    Associate Regional Attorney

    EEOC Chicago District Office
    500 West Madison Street, Suite 2000
    Chicago, IL 60661
    *Telephone*: (312) 869-8116 (Kamp)
    *Fax*:   (312) 869-8124
    *E-mail*: john.hendrickson@eeoc.gov
    *E-mail*: jean.kamp@eeoc.gov

Dated: September 25, 2013  *s/ Dennis R. McBride*_____
            Dennis R. McBride (WI Bar No. 1000430)

Senior Trial Attorney

EEOC Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2292
*Telephone*: (414) 297-4188
*Fax*: (414) 297-3146
*E-mail*: dennis.mcbride@eeoc.gov