UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-cv-1079 |
| v. | ) ) ) | **CONSENT DECREE** |
| CARDIAC SCIENCE CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

On September 25, 2013, the U.S. Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 13-cv-1079 (E.D. Wis.) against Cardiac Science Corporation ("CSC"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended; the Americans with Disabilities Act ("ADA"), as amended; and Title I of the Civil Rights Act of 1991; alleging that on or about October 19, 2012, CSC offered severance agreements to 57 employees it had decided to lay off, including Lashell Love, but that when CSC learned that Ms. Love had previously filed an EEOC charge against CSC, it refused to give her the severance benefits it had promised her. The EEOC also alleged that language in the severance agreements unlawfully deterred the other 56 employees from filing their own EEOC charges. In its Answer filed on November 27, 2013, CSC denied the EEOC's allegations.

The EEOC and CSC have agreed to this Consent Decree, which shall fully and finally resolve all claims raised by the EEOC in its Complaint in Civil Action No. 13-cv-1079 (E.D. Wis.), and Ms. Love's underlying discrimination charge (EEOC Charge No. 443-2013-00117C / ERD No. CR-2012-03859). This Decree does not constitute an adjudication of, or a finding on, the merits of the case for or against any party. This Consent Decree shall be final and binding on the EEOC and CSC.

1

# CONSENT DECREE

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

**I.   Non-Discrimination**

1.   <u>Jurisdiction</u>.  This Court has jurisdiction over the parties and the subject matter of this action.

2.   <u>Public Interest</u>.  This Consent Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of any person's rights or privileges.  The entry of this Decree will further the objectives of Title VII and the ADA and will be in the best interests of the parties, Lashell Love, and the public.

3.   <u>Prohibition Against Title VII and ADA Violations</u>.  CSC is enjoined from engaging in any employment practice which constitutes unlawful discrimination or retaliation under Title VII or the ADA.

4.   <u>Compliance with Title VII and the ADA</u>.  CSC shall comply with all provisions of Title VII and the ADA.  Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit CSC's obligations under Title VII and the ADA or the EEOC's authority to process or litigate any discrimination charge which may be filed against CSC in the future, or to limit CSC's ability to defend against any such claims.

5.   <u>No Retaliation</u>.  CSC will not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any employee because he or she opposed any action or practice which is unlawful under Title VII or the ADA.  CSC will not retaliate against individuals who filed a charge of discrimination alleging any such action or practice; testified or participated in any manner in any investigation (including, but not limited to, any internal

investigation undertaken by CSC), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought or received any monetary or non-monetary relief in accordance with the law.

6. <u>Revision of Severance Agreements</u>. If, in the future, CSC uses a severance agreement as part of the termination of any individual's employment, that agreement will not include any provision similar in language or effect to that found in Section 2(c) of the severance agreement offered to Ms. Love and signed by 56 other CSC employees who were laid off on or about the date of her layoff. In relevant part, that provision stated: "Employee has not filed, and will not file, any complaints, lawsuits, administrative complaints or charges arising from or relating to employment with, or termination of employment from, [CSC] . . . ." CSC recognizes that individuals always retain the right, under federal or state statutes, to file discrimination charges with the EEOC and relevant state or local agencies, whether or not such individuals ultimately have the right to monetary or other relief under those statutes.

**II. Monetary Relief**

7. <u>Settlement Payment and Release</u>. CSC agrees to pay a total of $50,000 to Ms. Love in full and final settlement of the claims against CSC which were raised in the EEOC's Complaint, and in EEOC Charge No. 443-2013-00117C / ERD No. CR-2012-03859. The $50,000 payment shall be apportioned as follows: (a) $2,640, less Ms. Love's share of all applicable state and federal tax and Social Security withholdings, payable by check to Ms. Love for lost severance, and (b) $47,360, payable by check to Ms. Love for other claimed damages. Before she receives any payment, Ms. Love shall complete IRS Forms W-4 and W-9, and sign the release attached as **Exhibit A** to this Consent Decree. The EEOC shall promptly convey

these executed forms to CSC. CSC shall issue Ms. Love IRS W-2 and 1099 forms relating to the above payments at the appropriate time.

8. <u>No Relevant Medicare Payment</u>.  Ms. Love has affirmed that she has not received a Medicare payment for treatment of any condition related to the discrimination alleged in the EEOC's Complaint or EEOC Charge No. 443-2013-00117C / ERD No. CR-2012-03859.

9. <u>Mailing of Settlement Checks and IRS Forms</u>.  Within 10 business days of the receipt of the signed release and W-4 and W-9 IRS forms, or of the entry of this Consent Decree by the Court, whichever occurs later, CSC shall mail the settlement checks to Ms. Love by certified mail, return receipt requested.  On the same day that it mails the checks to Ms. Love, CSC also shall mail photocopies of the checks to the EEOC.

## III.  Class Relief

10. <u>Tolling of Deadline for Filing Discrimination Charges</u>.  No later than five business days after the entry of this Consent Decree by the Court, CSC shall give the EEOC a list of the names and last-known addresses of the 56 CSC employees whom CSC laid off on or about the date of Ms. Love's layoff ("Class Members"), so the EEOC can provide those individuals the notice attached as **Exhibit B**.  CSC recognizes that individuals always retain the right to file discrimination charges with appropriate government agencies, whether or not those individuals ultimately are found to be entitled to monetary or other relief.  CSC agrees that it will not challenge a Class Member charge as untimely as long as it is filed no later than 180 days after the Court's entry of this Consent Decree and alleges that CSC discriminated against the former employee on or after December 25, 2011 (i.e., 300 days before October 19, 2012).  Nothing in this paragraph, or in any other part of this Consent Decree, either by inclusion or exclusion, shall be construed to limit CSC's ability to defend against any such charges or claims for any other reason.

**IV.     Posting of Notice**

11.     Within 10 business days after the Court's entry of this Consent Decree, CSC shall post same-sized copies of the Notice attached as **Exhibit C** to this Decree on the bulletin board(s) usually used by CSC for communicating human resources matters to employees.  The notice shall remain posted throughout the term of this Decree.  Within 10 business days of the posting, CSC also shall send a letter to the EEOC enclosing a copy of the Notice, as signed by CSC, and stating the date and locations of its posting.  CSC shall ensure that the postings are not altered, defaced, or covered by any other material.  If the posted copies are removed or become defaced or otherwise illegible, as soon as is practicable CSC shall re-post clean and readable copies in the same manner as previously specified.

**V.     Training**

12.     <u>Training Session</u>.  No later than September 30, 2014, CSC shall provide training to all of its managers and supervisors with hiring and firing authority regarding the Title VII and ADA rights of applicants, employees, and former employees, with an emphasis on how to keep CSC's operations free from employment discrimination and what constitutes unlawful retaliation.  The training shall be for a minimum of four hours and shall include a live presentation by one or more employment attorneys, who shall emphasize CSC's commitment to prevent discrimination and retaliation and the protections afforded by Title VII and the ADA to those who complain of employment discrimination.  The training may take place via web or video conferencing.

13.     <u>Training Reports</u>.  No later than 14 days prior to the first day of training, CSC shall submit to the EEOC the name(s), address(es), telephone number(s), and curriculum vitae/resume(s) of its trainer(s), together with the date(s) and location(s) of the training.  Within

five business days after the required training has occurred, CSC shall send a letter to the EEOC certifying that the training has taken place and that the required personnel have attended, and enclose copies of all written materials provided to the participants of the training sessions.

## VI. Reporting to EEOC

14. <u>Retaliation Complaints</u>. Every six months throughout the term of this Consent Decree, CSC shall report the following information to the EEOC: (a) the name, address, and telephone number of each CSC employee who makes a formal complaint of retaliation involving alleged violations of Title VII or the ADA; (b) a summary of the nature of the complaint or allegation, including the specific facts of the complaint, the persons involved, and the actions taken by CSC to promptly and effectively deal with the complaint or allegation; and (c) a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation. CSC shall make the reports in writing for the six-month periods ending on January 31, 2015; July 31, 2015; and January 31, 2016; and July 15, 2016; and shall submit them within 30 days of the expiration of each such period.

15. <u>Reporting and Notice</u>. All reports and notices to the EEOC which are required by Paragraphs 9, 11, 13, 14, and 16 of this Decree shall be made to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue – Suite 500, Milwaukee, WI 53203-2292. All notices to CSC shall be made to William F. Dugan, Seyfarth Shaw LLP, 131 South Dearborn Street, 24th Floor, Chicago, IL 60603 (wdugan@seyfarth.com).

## VII. Dispute Resolution

16. If either party to this Consent Decree believes that any other party has failed to comply with any provision of the Decree, within 10 business days the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-compliant

party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-compliant party has complied. If the alleged non-compliant party has not remedied the alleged non-compliance within 10 business days, the complaining party may apply to the Court for appropriate relief.

**VIII.  Miscellaneous Provisions**

17.     <u>Expenses; Costs; Attorneys' Fees</u>.  Each party to this Consent Decree shall bear its own expenses, costs, and attorneys' fees.

18.     <u>Filing; Duration</u>.  This Decree shall be filed in the U.S. District Court for the Eastern District of Wisconsin and shall continue in effect for two years from the date on which this Decree is entered.  Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on at least 30 days' notice to the other party.

19.     <u>Binding Effect</u>.  The terms of this Consent Decree are and shall be binding upon CSC and on its agents, successors, and assigns.  This Paragraph shall not be construed as placing any limit on remedies available to the Court if any individual is found in contempt for a violation of this Decree.

20.     <u>Full and Final Resolution</u>.  This Consent Decree shall fully and finally resolve all claims raised by the EEOC in its Complaint in Civil Action No. 13-cv-1079 (E.D. Wis.), and all claims raised by Ms. Love in EEOC Charge No. 443-2013-00117C / ERD No. CR-2012-03859.  This Decree is a complete resolution of all claims under Title VII, the ADA, and the 1991 Civil Rights Act that the EEOC made in this action.

21.     <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction over this action for the duration of this Consent Decree in order to enforce the terms of the Decree.

SO ORDERED, ADJUDGED, AND DECREED this 28th day of July, 2014.

By the Court:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge


EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
By its attorneys:

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, N.W.
Washington, D.C. 20507-0100

John C. Hendrickson, Regional Attorney
Jean P. Kamp, Associate Regional Attorney
EEOC Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL 60661
*Telephone*: (312) 869-8116
*Fax*: (312) 353-8555
*E-mail*: john.hendrickson@eeoc.gov
*E-mail*: jean.kamp@eeoc.gov

Dated: July 24, 2014    *s/ Dennis R. McBride*
    Dennis R. McBride, Senior Trial Attorney
    EEOC Milwaukee Area Office
    310 West Wisconsin Avenue - Suite 800
    Milwaukee, WI 53203-2292
    *Telephone*: (414) 297-4188
    *Fax*: (414) 297-3146
    *E-mail*: dennis.mcbride@eeoc.gov

8

CARDIAC SCIENCE CORPORATION

By Its Attorneys:

Dated:   July 24, 2014            *s/  William F. Dugan*_____
                                  William F. Dugan, Esq.
                                  Seyfarth Shaw LLP
                                  131 South Dearborn Street - Suite 2400
                                  Chicago, IL  60603-5577
                                  *Telephone*:    (312) 460-5933
                                  *Fax*:          (312) 460-7933
                                  *E-mail*:       wdugan@seyfarth.com

*Exhibit A*

## **RELEASE**

In consideration for $50,000 paid to me by Cardiac Science Corporation in connection with the resolution of *Equal Employment Opportunity Commission v. Cardiac Science Corporation*, Civil Action No. 13-cv-1079 (E.D. Wis.), I, Lashell Love, waive my right to recover for any claim of discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, as amended, that I had against Cardiac Science Corporation prior to the date of this release and that was included or could have been included in the claims alleged in the EEOC's complaint in *Equal Employment Opportunity Commission v. Cardiac Science Corporation*, Civil Action No. No. 13-cv-1079 (E.D. Wis.), or EEOC Charge No. 443-2013-00117C / ERD No. CR-2012-03859.

Dated: July ___, 2014 _____
                                          Lashell Love

STATE OF WISCONSIN    )
                                  ) ss.
COUNTY OF MILWAUKEE   )

Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Lashell Love, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

Signed and sworn to before me on this _____ day of July, 2014.

                                          _____
                                        Notary Public, State of Wisconsin
                                        My commission expires _____

*[EEOC Letterhead]*

\_\_\_\_[Name]_____
\_\_\_\_[Street Address]_____
\_\_\_\_[City, State, Zip Code]_____

**Re:** **Notice to former Cardiac Science Corporation employees pursuant to settlement** in *EEOC v. Cardiac Science Corporation*, Civil Action No. No. 13-cv-1079 (E.D. Wis.)

Dear _____:

This is being sent to you pursuant to an agreement reached in a lawsuit between the U.S. Equal Employment Opportunity Commission ("EEOC") and your former employer, Cardiac Science Corporation ("CSC").

On or about October 19, 2012, CSC terminated your employment in a layoff. You then signed a severance agreement in exchange for a payment. In part, Section 2(c) of the severance agreement stated: "Employee has not filed, and will not file, any complaints, lawsuits, administrative complaints or charges arising from or relating to employment with, or termination of employment from, [CSC] . . . ."

The EEOC is a U.S. government agency which investigates charges of job discrimination and brings lawsuits in U.S. District Courts to enforce federal laws which prohibit discrimination in the workplace. As part of its settlement agreement with the EEOC, CSC has agreed not to enforce Section 2(c) for discrimination charges filed with the EEOC between now and _____, 2014.

In other words, if you believe that CSC discriminated against you in your employment, you may now file an EEOC charge despite any statement to the contrary in the severance agreement. If you file a charge with the EEOC on or before _____, 2014, CSC will not challenge your right to file the charge, however, CSC may defend against any such claim on any ground, whether for lack of timeliness or any other reason.

If you have questions, please call me at (414) 297-4188 or write to me at dennis.mcbride@eeoc.gov.

Sincerely,

Dennis R. McBride
Senior Trial Attorney

*Exhibit C*

# **NOTICE TO ALL EMPLOYEES**

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Cardiac Science Corporation ("CSC").

The agreement resolves a lawsuit, *EEOC v. Cardiac Science Corporation*, Case No. 13-cv-1079 (E.D. Wis.), in which the EEOC alleged that CSC violated federal law by retaliating against an employee, who was being laid off, by withholding a severance payment because she had previously filed an employment discrimination charge with the EEOC.

The EEOC is a U.S. government agency which investigates charges of unlawful employment discrimination. It has authority to bring lawsuits in U.S. District Courts to enforce federal laws which prohibit discrimination in the workplace.

Two such laws, Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"), prohibit employers from retaliating against employees who oppose discriminatory employment practices, file a charge of discrimination with a government agency, or testify or participate in an EEOC investigation.

To resolve the lawsuit, the EEOC and CSC have entered into a two-year consent decree which states that CSC will: (1) pay the employee a monetary amount to resolve her claims; (2) not retaliate against any individual because he or she opposed a practice made unlawful by Title VII or the ADA, filed an EEOC charge, or participated in any Title VII or ADA proceeding; and (3) train CSC's managers and supervisors regarding Title VII and the ADA.

In the future, if CSC uses severance agreements as part of the termination of anyone's employment, it will not include any provision that prevents anyone from filing a charge of discrimination with a government agency or participating in an agency investigation, whether or not the individual ultimately has the right to a monetary payment or other relief.

If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 24 months from the date below and must not be altered, defaced, or covered by any other material.

Dated: July_____, 2014  By: _____
  _____, President
  Cardiac Science Corporation

12
17529380v.2
Case 2:13-cv-01079-WEC   Filed 07/28/14   Page 12 of 12   Document 17